IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO.1:10cv274

| | |
|---|---|
| CYNTHIA GOSNELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) **ORDER OF REMAND** |
| SSC BREVARD OPERATING CO., LLC, D/B/A BRIAN CENTER HEALTH & REHABILITATION, and HEALTHCARE SERVICES GROUP, INC., | ) ) ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court on the Defendants' Motion for Involuntary Dismissal of Plaintiff's Complaint Without Prejudice filed November 30, 2010. [Doc. 3].

This matter involves an employment action under Title VII of the Civil Rights Act of 1964. It was filed in the Superior Court of Henderson County, North Carolina, case number 10 CVS 1864 on or about October 26, 2010. [Doc. 1-1]. Defendants were served with the Summons and Complaint on October 27, 2010. [Doc. 3 pg. 1]. On or about November 19, 2010, Plaintiff mailed a Notice of Voluntary Dismissal Without Prejudice to the

Henderson County Clerk of Superior Court. Id. On the same date, Plaintiff served a non-file-stamped copy of the Notice of Voluntary Dismissal Without Prejudice upon the registered agents for Defendants, who are not counsel for Defendants. Id. Defendants filed their Notice of Removal to this Court on November 24, 2010. Id. Defendants did not receive the Notice of Voluntary Dismissal Without Prejudice until after filing the Notice of Removal and were unaware that Plaintiff had voluntarily dismissed her action.

    A defendant may remove from state court any civil action of which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1446, a notice of removal of a civil action from state court "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (emphasis added). Removal jurisdiction is not favored, and thus the Court construes such jurisdiction strictly "in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), cert. denied, 549 U.S. 1260, 127 S.Ct. 1381, 167 L.Ed.2d 174 (2007). The burden is on

the party seeking removal to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Defendants filed their Notice of Removal after the dismissal of the state court action. Their removal was untimely, in that no action then existed to remove. *Sua sponte*, the Court observes that these procedural defects leave it with no jurisdiction over this matter, and concludes that the matter must be remanded to the Superior Court of Henderson County, North Carolina from whence it came, for resolution of any issues that may remain. In so remanding, however, the Court does not make any determination whether anything remains for determination or whether the Henderson County Superior Court has would have jurisdiction.

Because this Court does not have jurisdiction, it cannot act on the Defendants' Motion [Doc. 3] seeking an order involuntarily dismissing Plaintiff's action. That Motion will be denied as moot.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Involuntary Dismissal of Plaintiff's Complaint Without Prejudice [Doc. 3] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that this matter is remanded to the Henderson County Superior Court.

Signed: December 6, 2010

Martin Reidinger
United States District Judge